IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RAY E. TOLER & WILLIAM T. TOLER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 5:04CV45 (DF) |
| | : | |
| ENGELHARD CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Defendant moved the Court for permission to take the deposition of Larry Ennis outside the discovery period (tab 52). Larry Ennis is Plaintiffs' designated expert. By their response, Plaintiffs do not oppose Mr. Ennis' deposition being taken outside the discovery period. *See* Pls. Resp. to Def.'s Mot., tab 56 Pg.1.

The issue of contention remaining between the parties is Defendant's motion for sanctions (tab 52). Defendant has moved the Court to sanction Plaintiffs for failing to comply with Rule 26(a)(2)(B), which requires a party to provide a written report prepared and signed by any expert witness that contains the expert's opinions, grounds for the opinions, data or summaries to be used in support of the testimony, publications authored, compensation to be paid for the testimony, and testimony previously given in other cases. Fed. R. Civ. P. 26 (a)(2)(B) (West 2005). Plaintiffs provided Defendant with a document labeled "Ennis Information" that states Mr. Ennis' education, his familiarity with the mining industry, and eight opinions he holds regarding this matter. *See* tab 52, Ex. A. This

statement does not include testimony given in prior cases, the compensation Mr. Ennis is to be paid (although his hourly rate is included in the preceding cover letter), the basis for his opinions, nor any information regarding publications he has authored.  The statement provided by Plaintiffs, in connection with a letter attempting to schedule Mr. Ennis' deposition, falls short of the standard articulated in Rule 26(a)(2)(B).  Defendant argues that it will be required to expend significantly greater effort to prepare for and depose Mr. Ennis because of Plaintiffs failure to comply with the rule, and , proposes two sanctions the Court may impose.  Specifically, Defendant suggests that Plaintiffs should be ordered to pay Mr. Ennis' expert witness fees and that Plaintiffs should be required to pay for Mr. Ennis' travel to Macon, Georgia, if Plaintiffs desire the deposition to take place in Macon.

The Court is sympathetic to Defendant's situation but chooses to fashion its own sanction.  See **Prieto v. Malgor**, 361 F.3d 1313,1318 (11th Cir. 2004) (reasoning that district court may impose its own sanction for failure to comply with Rule 26(a)(2)(B)).  Consequently, the Court directs Plaintiff to produce, to the Court and to Defendant, within ten days of the date of this Order, an expert witness report that fully complies with the terms of Rule 26(a)(2)(B).  This report should significantly reduce the length of Mr. Ennis' deposition, thereby reducing his expert witness fee that Defendant is required, by Fed. R. Civ. P. 26(c)(4)(C) (West 2005) to pay.  The parties are directed to work together to determine where and when the deposition should be scheduled, after Plaintiff provides the full expert witness report.  Should the parties be unable to reach agreement, they are directed to contact Ms. Wanda Donihoo, (478) 752-0720, to set up a telephone conference call with the Court.

Lastly, the Court is concerned that counsel are not conferring together to try to work out issues concerning discovery prior to contacting the Court. It would seem that a telephone call or two between the parties might solve some of these issues that require the Court's attention.

Defendant's motion is **GRANTED** in part and **DENIED** in part.

SO ORDERED, this 21st day of April, 2005.

    s/ Duross Fitzpatrick

DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has