**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RAY E. TOLER and WILLIAM T. TOLER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | **5:04CV45 (DF)** |
| | : | |
| **ENGELHARD CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

## O R D E R

Currently before the Court is Plaintiffs' Second Motion to Compel (tab 55). Plaintiffs maintain that Defendant has breached the duty of good faith and fair. Also, according to Plaintiffs, Defendant's conduct has resulted in unconscionable price terms being included within their lease. To support these claims, Plaintiffs attempt to contrast the terms and conditions of their lease with other similar leases and lease amendments entered into by Defendant.[1]

Now, Plaintiffs ask the Court to order Defendant to produce additional lease documents relating to lease number eight (8) and lease number thirty-seven (37). Following its earlier Order, as the law of the case doctrine dictates, the Court will require Defendant to produce any lease amending documents associated with leases originating between 1961-64 that are still in existence. *See* **Toole v. Baxter Healthcare Corp.**, 235

---

[1] Plaintiffs' first motion to compel sought to discover all of Defendant's lease agreements. The Court brokered an agreement between the parties and ordered Defendant to produce all leases entered into in 1961, 1962, 1963, and 1964. *See* tab 31 and tab 32. Thereafter, the Court directed Defendant to also produce any amendments to the leases originating in 1961,1962,1963,1964 that were still in existence. *See* tab 40.

F.3d 1307, 1313 (11th Cir. 2000) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. "); *see also* Oct. 12, 2004 Order Pg. 2 (directing that "if there are leases that originated between 1961 – 64 that are still in existence that have been amended, Defendant should produce those amendments."). However, it is not clear that the documents Plaintiffs seek are amendments to leases originating between 1961-64 that are still in existence.

An amendment is "[a] formal revision or addition proposed or made to . . . [an] instrument; specif., a change made by addition, deletion, or correction; esp., an alteration in wording." Black's Law Dictionary 89 (8th ed. 2004). To amend a document is "to formally alter" the document or "change the wording." *Id.* From the information provided by both parties, it is possible that the documents Plaintiffs seek regarding lease 37 may be an amendment to the original 1964 lease. If lease 37 were altered to change the lessor's name, the royalty rate, date, or other terms, then the new 1974 lease may have merely amended the 1964 lease. Even so, there is no way the Court can make such a determination without seeing the documents in question. Defendant is directed to produce the documents regarding lease 37 to the Court for in camera inspection. If after viewing the documents the Court finds that the 1974 document is an amendment to the 1964 lease, it will order the redacted documents turned over to Plaintiffs. The documents regarding lease 8, however, are not able to be viewed as an amendment to the 1962 lease. Both parties state that lease 8 was terminated in July 1996 and that during that same month Defendant purchased the property. There is no suggestion that the purchase was somehow an amendment to the original lease. It is clear that the sale terminated the

2

lease.  *See* Tab 55, Pl.'s Mot. Pg. 3 (stating that lease 8 was terminated, property then bought by Defendant).  The sale documents do not alter, change, or correct the 1962 lease, as is the typical purpose an amendment would serve.  Consequently, the Court will not expand the terms of its earlier discovery order by requiring Defendant to produce documents other than lease amendments.

Thus, Plaintiffs' Second Motion to Compel is **GRANTED** in part and **DENIED** in part. Defendant is directed to produce the additional documents regarding lease 37 to the Court for *in camera* inspection.

SO ORDERED, this 17th day of May, 2005.

____s/ Duross Fitzpatrick_____

DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has