IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RAY E. TOLER & WILLIAM T. TOLER, :
                                    :
                                    :
        Plaintiffs,                 :
                                    :
vs.                                 :          5:04-CV-45 (DF)
                                    :
ENGELHARD CORPORATION,              :
                                    :
                                    :
        Defendant.                  :

## O R D E R

## I.    INTRODUCTION

Plaintiffs Ray E. Toler and William T. Toler ("Plaintiffs") brought this action seeking to reform or terminate a 1963 kaolin lease.  After an extended period of discovery, Defendant Engelhard Corporation ("Defendant") moved for summary judgment (doc. 72).  On March 20, 2006, this Court entered an order granting Defendant partial summary judgment.  (Order, doc. 125.)  Defendant filed a motion for reconsideration (doc. 126) on April 3, 2006, seeking an amendment of the Court's March 20 Order, or alternatively, the certification of certain issues for interlocutory appeal.

For the reasons stated below, Defendant's Motion for an Order Certifying Issues

for Interlocutory Appeal is **DENIED**, and Defendant's Motion for Reconsideration is **GRANTED** in part, and **DENIED** in part.  To the extent that Defendant requests this Court to alter its March 20 Order and enter summary judgment for the Defendant on the material-breach and substantial-compliance issues, its motion is **DENIED**. However, to the extent that Defendant seeks a determination from this Court that Plaintiffs are not entitled to rescission if they prevail at trial, its motion is **GRANTED**.

## II.    LEGAL DISCUSSION

### A. Motion for Reconsideration

The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  Generally, a Rule 59(e) motion will be granted on one of the following grounds only: "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003).  A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).  The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

2

Defendant does not allege that reconsideration is warranted in this case due to an intervening change in controlling law or the availability of new evidence; thus, the Court will alter its previous ruling only if it is necessary to correct a clear error or to prevent manifest injustice.  Defendant argues that the Court should alter its March 20 Order for three reasons: (1) "The Court Erred By Failing To Rule That Plaintiffs' Knowing Acceptance Of The Benefits Of The Contract As A Matter Of Law Precludes Their Claim For Rescission And Termination;" (2) "The Complained Of Movement Of Overburden To Plaintiffs' Adjacent Property, If A Breach, Was Not A 'Material' Breach As A Matter Of Law;" and (3) "Engelhard Also Substantially Complied With The Overburden Provisions Of The Lease As A Matter Of Law And Rescission/Termination Is Therefore Not Available As a Remedy."  (Def.'s Br. Supp. Mot. Recons., doc. 127, at 1-9.)  Defendant's arguments are almost wholly concentrated on establishing that Plaintiffs are not entitled to rescind the 1963 lease under any circumstances—even if Plaintiffs ultimately prevail at trial. In the March 20 Order, the Court did not address the question of whether Plaintiffs would be entitled to rescission if they ultimately prevailed at trial, but it will do so now.

**1. Acceptance of the Benefits of the Contract**

Defendant first alleges that, even if Plaintiffs ultimately prevail in this action, they are not entitled to rescission because their continued acceptance of Defendant's

royalty payments since the Complaint was filed constitutes a waiver of their legal right to rescission.  (Def.'s Br. 9.)  Plaintiffs argue that it would have been unreasonable for them to reject Defendant's royalty payments after the alleged breach because this Court's April 2, 2004 Order denied Plaintiffs' request for injunctive relief, and enabled Defendant's mining operations to continue throughout the course of this litigation. Thus, Plaintiffs claim that they should not have to surrender their royalty payments in order to be able to rescind the lease.  (Pls.' Br. Resp. Def.'s Mot. Recons., doc. 130, at 5.)

In Georgia, "a party desiring to rescind a contract must, as a condition precedent to such rescission, restore or tender the benefits received under the contract."  ***Int'l Software Solutions, Inc. v. Atlanta Pressure Treated Lumber Co.***, 390 S.E.2d 659, 661 (Ga. Ct. App. 1990)  It follows, then, that once a party to a contract gives the other party notice of his or her intent to rescind the agreement, the party attempting rescission must surrender any benefits that may subsequently accrue under the contract.  *See **Ala. Vermiculite Corp. v. J.T. Patterson***, 124 F. Supp. 441, 447 (W.D. S.C. 1954).  Accordingly, "an assertion of a rescission is nullified by the subsequent acceptance of benefits growing out of a contract claimed to have been rescinded."  ***Id.*** (quoting ***Neet v. Holmes***, 154 P.2d 854, 860 (Cal. 1945)); *see also **Pickens County v. Nat'l Sur. Co.***, 13 F.2d 758, 762 (4th Cir. 1926).

Notwithstanding the foregoing principles of contract law, "[t]he rule that he who

4

desires to rescind a contract must restore whatever he has received under it is one of justice and equity . . . and must be reasonably construed and applied.  The object of the rule is theoretically to place the parties in statu quo; but the rule is equitable, not technical, and does not require more than that such restoration be made as is reasonably possible and such as the merits of the case demand." *Int'l Software*, 390 S.E.2d at 661 (citation omitted).  More specifically, "[o]ne rescinding a contract is not required to return consideration, when to do so would be unreasonable or impossible." *Id.* (citations and quotations omitted).

There is no question that Plaintiffs have not met the requirements for rescission in this case—Plaintiffs have not returned the royalty payments received under the lease, and Plaintiffs have subsequently accepted royalty payments due under the lease that they sought to have rescinded.  While it may have been unreasonable to require Plaintiffs to return the royalty payments received prior to the filing of this action, in order to maintain an action for rescission, Plaintiffs were required, at minimum, to surrender their royalty payments once they notified Defendant of their intent to rescind the lease.  Because Plaintiffs have continued to accept these payments, they have waived their right to rescission.  Accordingly, if Plaintiffs are successful at trial, they are entitled to monetary damages only.  *See Patterson*, 124 F. Supp. at 447 (quoting *Neet*, 154 P.2d at 860) ("By the acceptance of royalty payments subsequent to the notice of

rescission, the plaintiffs treated the lease as in existence and thereby waived their attempted rescission").

## 2. "Materiality" of Defendant's Alleged Breach

The Court now turns to Defendant's argument that, even if it breached the terms of the 1963 lease by piling overburden onto Plaintiffs' adjacent land without Plaintiffs' permission, this breach was not material; thus, Plaintiffs are not entitled to rescind the lease.  (Def.'s Br. 1, 3.)  Plaintiffs assert that the issue of material breach involves questions of fact that should be decided by a jury.  (Pls.' Br. 2.)  The Court has already found that Plaintiffs, even if successful on the breach of contract issue, are not entitled to rescind the 1963 lease.[1]  However, the Court disagrees with Defendant's assertion that the materiality of Defendant's alleged breach is a question of law for the Court to decide.

"Generally, one injured by the breach of a contract has the election to rescind or continue under the contract and recover damages for the breach."  *Western Contracting Corp. v. State Hwy. Dep't*, 187 S.E.2d 690, 696 (Ga. Ct. App. 1972).  "A breach which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages, does not warrant a rescission . . . or termination nor does a

---

[1] *See* Part A.1, *supra.*

6

mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement." *Mayor & City of Douglasville v. Hildebrand*, 333 S.E.2d 674, 676 (Ga. Ct. App. 1985) (citation and quotations omitted).  "In order to trigger the right of rescission, the act failed to be performed must go to the root of the contract. . . ." *Id*.  In other words, the non-breaching party is not entitled to rescind the contract unless the other party's breach was "material."  But the "standard of materiality . . . is necessarily imprecise and flexible." Restatement (Second) of Contracts § 241, Comment a (1981). The determination of whether a material breach has occurred is "generally a question of fact" to be determined under the specific circumstances of the case, including the conduct and relationship of the parties.  23 Williston on Contracts § 63:3 (4th ed. 1990). Indeed, "the determination of materiality is a complicated question of fact, involving an inquiry into . . . the intent of the parties as evidenced in large part by the full circumstances of the transaction." *Sahadi v. Cont'l Ill. Nat'l Bank*, 706 F.2d 193, 196 (7th Cir. 1983).  As such, the issue of materiality is "especially unsuited to resolution by summary judgment." *Id.* at 197.  "Nevertheless, the materiality of a breach of contract is not always a question of fact, even if the issue is disputed; thus, if there is only one reasonable conclusion, a court must address what is ordinarily a factual question as a question of law."  23 Williston on Contracts § 63:3 (4th ed. 1990).

Defendant claims that the Court should resolve the materiality issue because the facts point to only one reasonable conclusion—that Defendant's alleged breach was not material—that is, it did not defeat the object of the contract, which was "to mine and remove kaolin" and to pay Plaintiffs royalties for that kaolin. (Def.'s Br. 4.)  Plaintiffs maintain that the location of piled overburden was a material term of the contract because the only portion of the lease that was stricken by Plaintiffs' predecessor restricted the piling of the overburden to the leased premises.  Hence, Plaintiffs argue that genuine issues of material fact exist regarding the materiality of Defendant's alleged breach and that, as a result, the Court is precluded from determining the material-breach issue as a matter of law.

While it is true that, under Georgia law, a court can address the question of material breach under certain circumstances, the Court finds once more that the issue of material breach in this case would be better addressed by the members of a jury after they have had the opportunity to hear, review, and assess all of the relevant evidence. The full circumstances surrounding, among other things, the execution of the lease, the parties' history and course of dealing, and the parties' intent with respect to the overburden restriction lead this Court to conclude that the issue of material breach in this case is a complicated question of fact that this Court should not resolve.  In short, the Court is unconvinced that its initial ruling was clearly erroneous, nor is it convinced

8

that it should be modified to prevent manifest injustice.  Accordingly, Defendant's

Motion for Reconsideration on the material-breach issue is hereby **DENIED**.

### 2. Substantial Compliance

Defendant also contends that Plaintiffs are not entitled to rescind the contract

because "all that is required under Georgia law to defeat a rescission/termination

remedy for a breach is substantial performance."  (Def.'s Br. 5.)  Defendant also

encourages this Court to decide the substantial-compliance question as a matter of law.

(Def.'s Br. 5.)  In response, Plaintiffs argue that "[s]ubstantial compliance is no defense

where the breach is made in bad faith."  (Pls.' Br. 4.)  And, because "[t]he question of

good faith is for the jury," the issue of substantial compliance is also a question for the

jury.  (Pls.' Br. 4.)

"Substantial performance is the antithesis of material breach; if it is determined

that a breach is material, or goes to the root or essence of the contract, it follows that

substantial performance has not been rendered. . . ."  15 Williston on Contracts § 44:55

(4th ed. 1990).  "In other words, if a party has committed a material breach his

performance cannot be substantial."  *Measday v. Kwik-Kopy Corp.*, 713 F.2d 118, 123-

24 (5th Cir. 1983).  Moreover, the substantial performance doctrine requires that the

breaching party's action or omission not result from bad faith.  *See* 15 Williston on

Contracts §§ 44:55, 44:52 (4th ed. 1990).

9

The Court has already found that the material-breach issue presents a question of fact for the jury to resolve.  Given the interrelationship among the material-breach, substantial-compliance, and bad-faith issues as outlined above, the substantial-compliance issue must also be decided by a jury.  Accordingly, the Court finds that modification of the March 20 Order on the substantial-compliance issue is not warranted.

**B. Certification of Issues for Interlocutory Appeal**

The Court now addresses Defendant's alternate argument that this Court should certify the material breach and substantial compliance issues for interlocutory appeal under 28 U.S.C.A. § 1292(b) (West 2005).  (Def.'s Br. 10.)  Plaintiff opposes certification, arguing that "piecemeal appeals would have the effect of further protracting this case and the cost of this case. . . ."  (Pls.' Br. 4.)

Under 28 U.S.C.A. § 1292(b), a district court must certify a non-final order for interlocutory appeal when the order involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**Controlling Question of Law**

Proper certification of an order for interlocutory appeal under § 1292(b) hinges upon "the distinction between a question of law, which will satisfy § 1292(b), and 'a

10

question of fact or matter for the discretion of the trial court.'" ***McFarlin v. Conseco Services, LLC***, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting ***Garner v. Wolfinbarger***, 430 F.2d 1093, 1096-97 (5th Cir. 1970)).[2] Under § 1292(b), "[t]he term 'question of law' does not mean the application of settled law to fact." ***McFarlin***, 381 F.3d at 1258  (citing ***Ahrenholz v. Bd. of Trustees of the Univ. of Ill.***, 219 F.3d 674, 676 (7th Cir. 2000)). Congress intended "question of law" to mean "an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" ***McFarlin***, 381 F.3d at 1258  (quoting ***Ahrenholz***, 219 F.3d at 676).  In fact, "the antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." ***McFarlin***, 381 F.3d at 1259. When considering a § 1292(b) motion, district courts should note that "[t]he proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.  Because permitting piecemeal appeals is bad policy, permitting liberal use of  § 1292(b) interlocutory appeals is bad policy."    ***Id***.

---

[2] In ***Bonner v. City of Prichard***, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down before October 1, 1981.

With these guiding principles in mind, the Court turns to Defendant's request for certification.  In support of this request, Defendant states simply that "[t]he same argument and citations of authority on which Engelhard's motion for reconsideration are based demonstrate that each requirement for an interlocutory appeal has been met." (Def.'s Br. 10.)  As helpful as this statement is, the Court need not delve into the substantive arguments Defendant made to support its motion for reconsideration to determine whether the controlling-law requirement is met in this case.  It is not. This case turns on whether the Court or the jury should decide the material-breach issue, and is precisely the type of case in which a § 1292(b) certification would be improper. This case does not involve an abstract legal issue or an issue of pure law, and it could not be decided by the Eleventh Circuit quickly and cleanly without an in depth study of the record.  Accordingly, Defendant's Motion for an Order Certifying Issues for Interlocutory Appeal (doc. 126) is hereby **DENIED**.


          SO ORDERED, this 27th day of April, 2006.



                              **/s/ Duross Fitzpatrick**
                              DUROSS FITZPATRICK, JUDGE
                              UNITED STATES DISTRICT COURT


DF/jab

12