IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RAY E. TOLER & WILLIAM T. TOLER,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| vs. | : 5:04-CV-45 (DF) |
| | : |
| ENGELHARD CORPORATION, | : |
| | : |
| **Defendant.** | : |

**O R D E R**

**I.     INTRODUCTION**

In January of 2004, Plaintiffs Ray E. Toler and William T. Toler ("Plaintiffs") initiated this breach-of-contract action seeking to reform or terminate a 1963 kaolin lease. On March 20, 2006, this Court entered an order granting Defendant Engelhard Corporation ("Defendant") partial summary judgment. (Order, doc. 125.) Defendant filed a motion for reconsideration (doc. 126) on April 3, 2006, seeking an amendment to the March 20 Order, or alternatively, the certification of certain issues for interlocutory appeal.  On April 27, 2006, this Court entered an Order partially granting Defendant's motion, finding, among other things, that Plaintiffs were not entitled to rescind the lease if they prevailed at trial. (Order, doc. 132.) Plaintiffs filed a motion for clarification (doc. 134) of the April 27 order on May 5, 2006.  For the reasons stated below, Plaintiffs' motion is **DENIED**.

## II.     LEGAL DISCUSSION

Plaintiffs' "motion for clarification" of the Court's April 27, 2006 Order is, in substance, a motion for reconsideration. Because Plaintiffs' motion was filed within ten business days of the Court's April 27 Order, the Court will construe the motion as one filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Generally, a Rule 59(e) motion will be granted on one of the following grounds only: "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or to prevent manifest injustice." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993). The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Plaintiffs do not allege that reconsideration is warranted in this case due to an intervening change in controlling law or the availability of new evidence; thus, the Court will alter its previous ruling only if it is necessary to correct a clear error or to prevent manifest injustice. In their motion, Plaintiffs specifically challenge the Court's determination that Plaintiffs' acceptance of Defendant's royalty payments subsequent to

their attempted rescission of the 1963 lease constituted a waiver of their right to rescind the lease. Plaintiffs also seek the Court's guidance as to the measure of damages to be awarded if they prevail at trial.

**1. Rescission**

Here, the issue is whether Georgia law required Plaintiffs to stop receiving royalty payments pursuant to the terms of the 1963 lease *after* they attempted to rescind the lease. In the April 27 Order, the Court answered this question in the affirmative. After reviewing Plaintiffs' motion, the Court is not convinced that revision of the April 27 Order is necessary to correct a clear error or to prevent manifest injustice.

Plaintiffs claim that there is an exception to the general rule that a party seeking rescission must surrender any benefits that may subsequently accrue under the contract. According to Plaintiffs, the "special rule" applicable in this case is that a party seeking rescission is not obligated to return that which he is entitled to retain. Here, because Defendant has continued to mine Plaintiffs' property since this action began, Plaintiffs claim that they are entitled to continue receiving Defendant's royalty payments.

Defendant concedes that some Georgia courts have excused a plaintiff's failure to tender the benefits received under a contract *before* filing suit under limited circumstances. Defendant asserts that those cases are inapplicable here, however, because Plaintiffs affirmed the lease *after* their attempted rescission by continuing to accept the royalty payments.

The Court considered and rejected Plaintiffs' above arguments in the April 27 Order. Nonetheless, the Court once again finds that Plaintiffs' continued acceptance of Defendant's royalty payments *after* the attempted rescission was inconsistent with their intent to rescind the lease. Thus, Plaintiffs affirmed the lease, thereby waiving their right to rescission. *See* **Weed Wizard Acq. Corp. v. A.A.B.B., Inc.**, 201 F. Supp. 2d 1252, 1261 (N.D. Ga. 2002) ("[w]hen a party makes a demand for rescission but then proceeds to take actions affirming the contract, the party waives its right to rescind.").[1]

Accordingly, because Plaintiffs waived their right to rescission, if they succeed at trial, their only remedy will be monetary damages.

**2. Measure of Damages**

Plaintiffs claim that, if they prevail on the breach of contract claim, they are entitled to monetary damages associated with the overburden removal. And, if the breach was either material or in bad faith, Plaintiffs believe they are entitled to the fair market value of all kaolin mined from the date of the breach. (Pls.'s Mot. Clarif., doc. 134, at 1.)

Defendant maintains that the proper measure of damages for breach of contract, if found, is the "difference between the value of the land before the complained-of breach of

---

[1] Plaintiffs also cite **Daly v. Mueller**, No. A06A1013, 2006 WL 1194759, at * 1 (Ga. Ct. App. May 3, 2006) in an effort to convince the Court to alter its original ruling. **Daly**, however, addresses a different issue in light of the tender rule and the exceptions thereto. In **Daly**, the appellate court addressed whether the plaintiff should have complied with the tender rule by returning the settlement she received in exchange for her release of certain claims *before* she attempted to rescind the release. Here, as the Court stated above, the issue is whether Georgia law required Plaintiffs to surrender their royalty payments *after* filing suit in order to maintain an action for rescission.

4

the contract and its value after such breach." (Def.'s Resp. Pls.' Mot. Clarif., doc. 136, at 2.) Defendant further asserts that the measure of damages for breach of contract remains the same regardless of whether the breach was material or in bad faith.

In Georgia, "the general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration." *Allgood Road United Methodist Church, Inc. v. Smith*, 325 S.E.2d 392, 394 (Ga. Ct. App. 1984). "The cost to repair or restore land may be an appropriate measure of damages as long as restoration would not be an 'absurd undertaking.'" *Wise v. Tidal Const. Co.*, 608 S.E.2d 11, 14 (Ga. Ct. App. 2004) (quoting *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 262 S.E.2d 554, 558 (Ga. Ct. App. 1979)). "This is true even though the repair costs exceed the diminution in value." *Id.* Yet, "[t]he cost of restoration may not be disproportionate to the diminution in the property's value. Rather, the cost of repair must be reasonable and bear some proportion to the injury sustained." *Id.* (internal citations and quotations omitted).

While the presence or absence of bad faith may not factor into the measure of general damages in actions involving real property, Georgia law does allow a jury to award punitive or exemplary damages to the plaintiff if the jury finds "evidence of wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences" on the part of a defendant. O.C.G.A. § 51-12-5 (Lexis 2005). A finding of bad faith may also entitle a

party to litigation expenses, including attorney fees.  O.C.G.A. § 13-6-11; *Dekalb County v. McFarland*, 203 S.E.2d 495, 499 (Ga. 1974) ("Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees.").

The Court's research has not revealed any Georgia case or statute that authorizes Plaintiffs to recover the fair market value of all kaolin mined from the date of the breach if they succeed on the breach-of-contract and bad-faith issues.  Thus, if Plaintiffs prevail on the breach-of-contract issue at trial, their measure of damages will be the diminution of the fair market value of the property as the result of Defendant's breach and/or the cost of restoring the property to the condition it was in before the breach, so long as the cost of repair is reasonable and bears some proportion to the injury sustained.  If the jury decides that Defendant acted in bad faith, the jury may also award Plaintiffs punitive damages.

### III.   CONCLUSION

For the reasons stated above, the Court finds that revision of the April 27 Order is not necessary to correct clear error or to prevent manifest injustice. Accordingly, Plaintiffs' Motion for Clarification (doc. 134) is hereby **DENIED**.

SO ORDERED, this 31st day of May, 2006.

/s/ Duross Fitzpatrick  
DUROSS FITZPATRICK, JUDGE  
UNITED STATES DISTRICT COURT

DF/jab