IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RAY E. TOLER & WILLIAM T. TOLER,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 5:04-CV-45 (DF) |
| | : | |
| **ENGELHARD CORPORATION,** | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Before this Court is the Motion to Amend Answer (doc. 171) filed by Engelhard Corporation. Engelhard seeks to amend its Answer (doc. 3) to respond to the Tolers' claim for punitive damages—a claim that Engelhard insists it was only recently made aware of. (Def.'s Mot. Am., doc. 171, at 2.)

Federal Rule of Civil Procedure 15(a) provides that leave of Court to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (West 2006). Justice requires a court to grant leave to amend a pleading when there is no evidence of undue delay, bad faith, or dilatory motive on the movant's part, and the non-movant will not be prejudiced by the court's allowance of the

1

amendment.  See **Foman v. Davis**, 371 U.S. 178, 182 (1962).

Here, there is no evidence of undue delay, bad faith, or dilatory motive on Engelhard's part, and the Tolers will not be prejudiced by the allowance of the proposed amendments.  Thus, the Court will allow Engelhard to amend its Answer to the extent that the proposed amendments outline legal defenses to the Tolers' punitive damages claim.  Because Engelhard's Nineteenth and Twentieth Defenses are not defenses, but are actually objections to the Court's previous rulings, the Court will not permit these amendments.  The objections have, however, been duly noted by the Court.

Accordingly, Engelhard's Motion to Amend Answer (doc. 171) is hereby **GRANTED IN PART**, and **DENIED IN PART**.

SO ORDERED, this 25th day of September, 2006.

/s/ Hugh Lawson
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

HL/jab